UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

LINDA KING,                          )
                                     )
          Plaintiff,                 )
                                     )
     v.                              )     Case No. 4:17 CV 2551 CDP
                                     )
SOUTHWEST FOODSERVICE                )
EXCELLENCE, LLC,                     )
                                     )
          Defendant.                 )

## MEMORANDUM AND ORDER

On October 20, 2014, defendant Southwest Foodservice Excellence, LLC,

discharged plaintiff Linda King from her employment when she attempted to

return to work after serving on a grand jury in the fall of 2014.  In this diversity

action, King claims that her discharge violated the public policy of Missouri, as

expressed in Mo. Rev. Stat. § 494.460.  Southwest Foodservice moves to dismiss

King's wrongful discharge claim, arguing that it is barred by § 494.460's ninety-

day statute of limitations.  Because I conclude that King's claim was timely filed, I

will deny the motion.

### Legal Standard

Under Fed. R. Civ. P. 12(b)(6), a defendant may move to dismiss a

complaint "for failure to state a claim upon which relief can be granted."  The

purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency

of the complaint. When considering a Rule 12(b)(6) motion, the factual allegations of a complaint are assumed true and construed in favor of the plaintiff. *Neitzke v. Williams,* 490 U.S. 319, 326 (1989). "The possible existence of a statute of limitations defense is not ordinarily a ground for 12(b)(6) dismissal unless the complaint itself establishes the defense." *Joyce v. Armstrong Teasdale, LLP*, 635 F.3d 364, 367 (8th Cir. 2011) (quoting *Jessie v. Potter*, 516 F.3d 709, 713 n. 2 (8th Cir. 2008)).

## Background

At all times relevant to her complaint, King worked for Southwest Foodservice in the St. Louis Public Schools. During the fall of 2014, including during the month of October, she served on a grand jury for the Twenty-Second Judicial Circuit of Missouri. Southwest Foodservice discharged King from her employment on October 20, 2014, when she attempted to return to work after completing her jury service.

King brought this action in Missouri state court on August 27, 2017. She claims that Southwest Foodservice wrongfully terminated her employment because of her grand jury service, in violation of Missouri public policy as expressed in Mo. Rev. Stat. § 494.460. As relief, King seeks monetary damages for lost wages and benefits, compensatory damages for emotional distress, and punitive damages. On October 10, 2017, Southwest Foodservice, whose members are Arizona citizens, removed the action to this Court, invoking federal diversity jurisdiction.

Southwest Foodservice now seeks to dismiss King's complaint, arguing that King brought her claim outside the ninety-day statute of limitations provided under Mo. Rev. Stat. § 494.460(2) for employees who claim they were discharged for jury service. While King concedes that she cannot bring a statutory claim because of the time-bar, she contends that she brings her claim under Missouri common law, which provides protection to at-will employees who are discharged in violation of public policy. Kings argues, therefore, that Missouri's general statute of limitations applies to her claim, and not the period prescribed under § 494.460(2) for a statutory claim. I agree.

## Discussion

In Missouri, an employer may discharge an at-will employee with or without cause. Certain exceptions exist to this employment at-will doctrine, however, including a public policy exception, which establishes a cause of action for an at-will employee who has been discharged by an employer in violation of a clear mandate of public policy as reflected in the constitution, a statute, statutory regulation, or governmental rule. *Fleshner v. Pepose Vision Inst., P.C.*, 304 S.W.3d 81, 92 (Mo. banc 2010); *Drury v. Missouri Youth Soccer Ass'n, Inc.*, 259 S.W.3d 558, 566 (Mo. Ct. App. 2008). While the public policy exception is a narrow one, it includes the discharge of employees who engage in actions normally encouraged by public policy, such as reporting for jury duty. *Jones v. Galaxy 1 Mktg., Inc.*, 478 S.W.3d 556, 563 (Mo. Ct. App. 2015); *Boyle v. Vista Eyewear,*

*Inc.*, 700 S.W.2d 859, 875 (Mo. Ct. App. 1985). This particular public policy is reflected in Mo. Rev. Stat. § 494.460(1), which prohibits an employer from terminating an employee "on account of that employee's receipt or response to a jury summons." Section 494.460(2) permits an employee discharged in violation of this section to bring a civil action against her employer.

Southwest Foodservice argues that, under Missouri law, an aggrieved employee may not bring a common law public policy claim where a statute provides an adequate remedy for her grievance.[1] Therefore, Southwest contends, because § 494.460 provides an adequate remedy for King's specific claim here, she may not rely on the public policy exception to bring this cause of action. In *Fleshner v. Pepose Vision Inst., P.C.*, 304 S.W.3d 81 (Mo. banc 2010), however, the Missouri Supreme Court squarely rejected the blanket application of this proposition, recognizing that it has "consistently held that a statutory right of action shall not be deemed to supersede and displace remedies otherwise available at common law in the absence of language to that effect unless the statutory remedy fully comprehends and envelops the remedies provided by common law." *Id.* at 95 (internal quotation marks and citation omitted). "A statutory remedy does not 'comprehend and envelop' the common law if the common law remedies

_____

[1] To support this position, Southwest Foodservice cites *Kirk v. Mercy Hosp. Tri-Cty.*, 851 S.W.2d 617 (Mo. Ct. App. 1993); *Gannon v. Sherwood Med. Co.*, 749 F. Supp. 979 (E.D. Mo. 1990); and *Prewitt v. Factory Motor Parts, Inc.*, 747 F. Supp. 560 (W.D. Mo. 1990). All of these cases were decided prior to the Missouri Supreme Court's decision in *Fleshner*.

provide different remedies from the statutory scheme." *Id.* "For example, if the common law remedy provides punitive damages, but the statutory scheme does not, then the common law scheme is not preempted." *Id.* at 95-96.

Here, § 494.460 provides that an employee discharged "in violation of this section" may bring an action for recovery of "lost wages and other damages caused by the [termination] and for an order directing reinstatement[.]" Mo. Rev. Stat. § 494.460(2). The employee is also entitled to attorney's fees if she prevails. *Id.* While punitive damages are available for wrongful discharge claims brought under the public policy exception at common law, *Fleshner*, 304 S.W.3d at 96, they do not appear to be available under § 494.460.[2] Accordingly, because King seeks a remedy available under common law that does not appear to be provided by the statute, she is not precluded from bringing a common law claim. *Id.*

The question remains, however, as to what statute of limitations applies.

An action under § 494.460 must be brought within ninety days from the date of the employee's discharge. Mo. Rev. Stat. § 494.460(2). However, King does

---

[2] Other sections of the Missouri Revised Statutes specifically provide for the recovery of punitive damages in civil actions brought under those respective statutes, but § 494.460 does not. *See, e.g.*, Mo. Rev. Stat. §§ 182.817, 302.170, 407.025, 408.562. The legislature's specific provision of punitive damages in some statutes but not § 494.460 raises an inference that the legislature did not intend punitive damages to be an available remedy for an action brought under that statute. *Marx v. General Revenue Corp.*, 568 U.S. 371, 384 (2013); *In re Loganbill*, 570 B.R. 810, 813 (Bankr. W.D. Mo. 2017). In addition, § 494.460's language permitting recovery for "lost wages and other damages caused by" the employer's violation of the statute appears limited to damages that are remedial in nature and measured by actual harm, contrary to punitive damages that serve as a civil punishment or deterrent for the wrongful act. *Restatement (Second) of Torts* § 908 (1979).

- 5 -

not bring this action under the statute.  Instead, as discussed above, King brings this action under the common law public policy exception to at-will employment. In *Fleshner*, the Missouri Supreme Court clearly held that these common law actions arise "in tort for wrongful discharge based on the public-policy exception." 304 S.W.3d at 92.  *See also Keveney v. Missouri Military Acad.,* 304 S.W.3d 98, 103 (Mo. banc 2010) (where an employer's actions violate clear and substantial public policy, the employer is liable in tort).  Under Missouri law, general tort claims are governed by Mo. Rev. Stat. § 516.120, which applies a five-year limitations period to "an action for taking, detaining or injuring any goods or chattels, including actions for the recovery of specific personal property, or *for any other injury to the person or rights of another*, not arising on contract and not herein otherwise enumerated." Mo. Rev. Stat. § 516.120(4) (emphasis added).

In *Levi v. Anheuser-Busch Co. Inc.*, No. 08-00398-CV-W-RED, 2008 WL 4816668 (W.D. Mo. Oct. 27, 2008), the United States District Court for the Western District of Missouri applied a five-year limitations period to an employee's wrongful discharge claim under Missouri's public policy exception. *Id.* at *4.  The court held that common law actions for wrongful discharge are subject to the five-year statute of limitations under § 516.120 as actions "for any other injury to the person or rights of another, not arising on contract." *Id.*  This period begins when the decision to discharge is made and the employee is notified. *Id.*  And in *Fields v. The Bi-State Dev. Agency*, No. 4:15 CV 1707 CDP, 2016 WL

4437714 (E.D. Mo. Aug. 23, 2016), I similarly concluded that "the five-year limitations period 'for any other injury to the person or rights of another, not arising on contract' provided by § 516.120 governs common-law wrongful discharge claims under the public policy exception in Missouri[.]" *Id.* at *4. While both *Levi* and *Fields* involved whistleblowing claims, this distinction makes no difference to the analysis here, given the Missouri Supreme Court's express statement that claims of wrongful discharge based on the public policy exception are causes of action in tort.

Finally, Southwest Foodservice argues that the express language of Mo. Rev. Stat. § 516.300 restricts King's claim to the statute of limitations set out in § 494.460. I disagree. Section 516.300 provides that Missouri's general statute of limitation provisions of §§ 516.010 to 516.370 "shall not extend to any action which is or shall be otherwise limited by any statute; but such action shall be brought within the time limited by such statute." As explained by the Missouri Supreme Court:

> Section 516.300 is designed to assure the Missouri general statute of limitations will not be injected into a cause of action that has its own built-in statute of limitations. The creation of the cause of action with a built-in statute of limitations essentially makes it impossible to use the cause of action without using the limitation period because no cause of action exists beyond the expiration of the statute of limitations.

*Thompson v. Crawford*, 833 S.W.2d 868, 871 (Mo. banc 1992). King's claim of wrongful discharge is a common law public policy cause of action that was not

"created by" § 494.460. It therefore is not "otherwise limited" by that statute. *Cf.*
*Natalini v. Little*, 185 S.W.3d 239, 247 (Mo. Ct. App. 2006). Section 516.300
therefore does not apply to King's claim.

I therefore conclude that the five-year limitations period for "any injury to
the person or rights of another, not arising on contract" provided by § 516.120
governs King's common law wrongful discharge claim under the public policy
exception in Missouri. The statute of limitations began to run, at the earliest, on
October 20, 2014, the date Southwest Foodservice terminated King's employment.
Given that this action was filed on August 27, 2017, it is timely under the
applicable five-year limitations period.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Southwest Foodservice
Excellence, LLC's Motion to Dismiss [8] is **DENIED.**

The case will be set for a Rule 16 scheduling conference by separate Order.


_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE


Dated this 11th day of December, 2017.