## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| **LINDA KING**, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:17-cv-2551-CDP |
| **SOUTHWEST FOODSERVICE EXCELLENCE, LLC,** | ) ) ) ) |
| Defendant. | ) ) |

### DEFENDANT'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW, AND MOTION FOR A NEW TRIAL AND/OR TO AMEND JUDGMENT

Comes now Defendant, by its attorneys, pursuant to FRCP 50(b), 59(a) and 59(e), and moves this Court to enter Judgment as a Matter of Law in its favor, or alternatively to order a new trial and/or to amend the judgment entered, and in support of this Motion, states to the Court as follows:

**I.   Defendant Renews its April 23 and 24, 2019 Motions for Judgment as a Matter of Law (Doc. #'s 60 and 61) and is entitled to Judgment as a Matter of Law Since:**

A. The Complaint fails to state a claim upon which relief may be granted because Section 494.460(2), RSMo vests Plaintiff with a cause of action; (see Defendant's First Defense).

B. The Complaint is barred by the applicable ninety (90) day statute of limitations, Section 494.460(2), RSMo (see Defendant's Second Defense).

C. Plaintiff failed to submit a *prima facie* case due to the absence of any evidence of any causal connection between her grand jury service and her termination from employment, and no reasonable jury could have found said causal connection.

D. Alternatively to Paragraphs I.A., B. and C., above, on Plaintiff's Prayer for punitive damages inasmuch as Plaintiff failed to submit a *prima facie* punitive damage case for lack of clear and convincing evidence that Defendant's conduct was outrageous because of Defendant's evil motive or reckless indifference and no reasonable jury

        could have found, by clear and convincing evidence, outrageous conduct because of Defendant's evil motive or reckless indifference.

    E.    Alternatively to Paragraphs I.A., B. and C., above, on Plaintiff's Prayer for emotional distress damages since her sole remedy to recoup same is provided under Missouri Worker's Compensation Act, Chapter 287, RSMo, and exclusive jurisdiction of such issues are vested in Missouri Division of Worker's Compensation (see Defendant's Seventh Defense).

**I.**    **Defendant is Entitled to a New Trial Inasmuch As**:

    A.    The Trial Court erred in the following prejudicial evidentiary rulings:

        1.    The Trial Court erred in overruling Defendant's continuing objection to evidence of Plaintiff's emotional distress since Plaintiff's sole remedy to recoup same is provided under Missouri Worker's Compensation Act, Chapter 287, RSMo, and exclusive jurisdiction of such issues are vested in Missouri Division of Worker's Compensation (see Defendant's Seventh Defense).

        2.    The Trial Court erred in sustaining Plaintiff's objections to relevant and admissible evidence and in rejecting Defendant's offers of proof:

            a.    That Defendant denied Plaintiff's grievance regarding her termination which she filed under the applicable collective bargaining agreement (Defendant's Exhibit X(1), attached); and

            b.    That Plaintiff's exclusive collective bargaining agent never processed her grievance to arbitration.

    B.    The Trial Court erred in the following erroneous and prejudicial instructional rulings:

        1.    The Trial Court erred in overruling Defendant's objection to, and in issuing the verdict director (Instruction No. 6), inasmuch as it was not supported by the evidence due to lack of any evidence of any causal connection between Plaintiff's grand jury service and her termination from employment.

        2.    The Trial Court erred in overruling Defendant's objection to, and in issuing the punitive damages instruction (Instruction No. 8), due to the lack of evidence that Defendant's conduct was outrageous because of Defendant's evil motive or reckless indifference.

        3.    The Trial Court erred in overruling Defendant's objection to, and in issuing the Verdict Form, inasmuch as it failed to require the jury to allocate Plaintiff's damages as between monetary damages and emotional distress damages.

        4.     The Trial Court erred in refusing Defendant's proffered "business judgment" instruction (Defendant's Instruction No. 27), which was required properly to instruct the jury on applicable law.

        5.     The Trial Court erred in refusing Defendant's proffered Verdict Form A which properly and accurately required the jury to allocate Plaintiff's damages as between monetary damages and emotional distress damages.

    C.     The Verdict and Judgment are: unsupported by the evidence; against the weight of the evidence; contrary to law; and supported by neither the law, nor the evidence.

    D.     An accumulation of all of the foregoing, referenced within this Section II, taken cumulatively, deprived Defendant of the right to a fair trial.

## III. The Judgment Entered Pursuant to the Verdict Must be Amended as Follows:

    A.     The entire verdict, and the Judgment based thereon, must be amended and vacated for the reasons set forth in Paragraphs I.A through I.C. and II.B.1., above.

    B.     Alternatively, the entire verdict, and the Judgment based thereon, must be amended:

        1.     By reducing Plaintiff's actual damages in the Verdict from $156,500 to $25,000 (by a reduction amount of $131,500), for the reasons noted in Paragraphs I.E. and II.A.1., above, which reduces the Judgment to $100,000.

        2.     By vacating the punitive damages in the Verdict (in the amount of $75,000), for the reasons noted in Paragraphs I.D. and II.B.2., above, which reduces the Judgment to $25,000.

WHEREFORE, for the foregoing reasons, as well as for the reasons set forth in Defendant's Suggestions in Support, incorporated herein by reference, Defendant prays this Court:

    I.     To enter Judgment as a Matter of Law for Defendant; but in the alternative:

    II.     To grant Defendant a new trial; or

    III.     To Amend the Judgment, by vacating it in its entirety, but at a minimum, by reducing it to $25,000, or, at most to $100,000.

        Respectfully submitted,

        **OGLETREE, DEAKINS, NASH,**
        **SMOAK & STEWART, P.C.**

By */s/ Robert W. Stewart*
    Robert W. Stewart, MO Bar #24870
    Thomas R. Chibnall, MO Bar #67994
    7700 Bonhomme Avenue, Suite 650
    St. Louis, Missouri  63105
    Telephone:  314-802-3935
    Facsimile:  314-802-3936
    robert.stewart@ogletree.com
    thomas.chibnall@ogletree.com

        **ATTORNEYS FOR DEFENDANT**

Dated:  May 17, 2019

## CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on this 17 day of May, 2019 to:

    Matthew J. Ghio
    Ghio Law Firm LLC
    3115 S. Grand Blvd., Suite 100
    St. Louis, MO  63118

        */s/ Robert W. Stewart*
        Attorney for Defendant

38349240.1