UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

LINDA KING,                          )
                                     )
            Plaintiff,               )
                                     )
      v.                             )        No.  4:17 CV 2551 CDP
                                     )
SOUTHWEST FOODSERVICE                )
EXCELLENCE, LLC,                     )
                                     )
            Defendant.               )

## MEMORANDUM AND ORDER

Following a three-day trial, a jury found that defendant Southwest
Foodservice Excellence, LLC, wrongfully discharged plaintiff Linda King from her
employment in violation of Missouri public policy.   The jury awarded King
$231,500 in damages, and judgment on the verdict was entered April 25, 2019.
King's taxable costs were included in the judgment.   King has now submitted a bill
of costs in the amount of $2151.83, to which defendant objects.   King also moves
for entry of an amended judgment to include costs and post-judgment interest.
Defendant objects to King's proposed rate of interest.   After careful consideration, I
will tax costs in favor of King in the amount of **1946.53**.   I will deny King's
request to amend the judgment.   Costs were already included in the judgment, and
post-judgment interest at the federal rate is allowed as a matter of law on any money
judgment recovered in this court.   An amended judgment is therefore not necessary.

# Costs

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides in pertinent part that "costs – other than attorneys' fees – should be allowed to the prevailing party" "[u]nless a federal statute, these rules, or a court order provides otherwise[.]" The term "costs" as used in Rule 54(d)(1) is defined in 28 U.S.C. § 1920,[1] which enumerates the expenses that a federal court may tax as costs under the discretionary authority found in Rule 54(d). *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437 (1987); *see also Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 573 (2012). Not all expenses of litigation are costs taxable against the losing party, however, and within the statutory framework of costs eligible to be taxed, the Court has the discretion in determining and awarding costs in a given case. *Taniguchi*, 566 U.S. at 573; *Pershern v. Fiatallis N. Am., Inc.*, 834 F.2d 136, 140 (8th Cir. 1987).

Here, King seeks to tax the following as costs: $110 in fees for service of subpoenas; $1765.28 for deposition transcripts; $137.40 for witness fees; and $139.15 for exemplification and copy fees. Defendant makes specific objections to

---

[1] 28 U.S.C. § 1920 states:

> A judge or clerk of any court of the United States may tax as costs the following: (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

certain of the requested costs.   I will address each objection in turn.

Fees for Service of Subpoenas

King requests $110 in costs for service of trial subpoenas by a private process server.   Section 1920 does not provide for the taxation of fees of private servers; rather, it provides only for the fees of the "clerk and marshal."   28 U.S.C. § 1920(1).

The fees of the marshal are explained in 28 U.S.C. § 1921, which provides for the United States Marshal to "routinely collect, *and a court may tax as costs*, fees for . . . [s]erving . . . summons, complaints, or any other writ, order or process in any case or proceeding . . . [or] a subpoena or summons for a witness or appraiser."   28 U.S.C. § 1921 (emphasis added).   While the marshal no longer serves summons or subpoenas in most civil cases, § 1920(1) nevertheless limits recoverable service fees to those of the marshal.   *See Cofield v. Crumpler*, 179 F.R.D. 510, 515-16 (E.D. Va. 1998).   And relying on the clear language of § 1920(1) as well as Eighth Circuit precedent, *Crues v. KFC Corp.,* 768 F.2d 230, 234 (8th Cir. 1985), this court has repeatedly held that the fees of private process servers are not taxable as costs under 28 U.S.C. § 1920.   *See Davis v. Lancaster*, No. 4:13CV1638 HEA, 2019 WL 265098, at *5 (E.D. Mo. Jan. 18, 2019); *Nationwide Affinity Ins. Co. of Am. v. Deimund*, No. 1:16CV298 ACL, 2018 WL 6570881, at *1 (E.D. Mo. Dec. 13, 2018); *Bry v. City of Frontenac, Mo*, No. 4:14-CV-1501 RLW, 2017 WL 244813, at *2 (E.D. Mo. Jan. 19, 2017).

I will therefore disallow King's requested fees of $110 for private service of subpoenas.

Fees for Witnesses

King seeks to recover attendance fees and mileage costs for trial witnesses Sonya Wayne and Keisha Murphy and for proffered witness Octavian Sullivan. Defendant challenges King's requested fees for Sullivan, arguing that King should be permitted to recover costs for only those witnesses who testified at trial. In the circumstances of this case, I agree.

Before trial began, I granted that portion of defendant's motion in limine seeking to exclude Sullivan's testimony for the reason that King failed to disclose him as a witness under Fed. R. Civ. P. 26(a). Defendant argued that if King would have properly disclosed Sullivan, it would have sought to depose him. King presented Sullivan on the second day of trial, however, and proffered his testimony outside the hearing of the jury. This proffered testimony addressed Sullivan's experience with King during the 2013-2014 school year, including an incident involving another worker that led to discipline. Because of my earlier ruling, I did not permit Sullivan to testify at trial.

Fees may not ordinarily be taxed for someone who comes to the courthouse but does not testify. *Stanley v. Cottrell, Inc.*, 784 F.3d 454, 467 (8th Cir. 2015). When a court order or some extrinsic circumstance renders the testimony

unnecessary, however, witness fees are allowed. *Id.* Here, I barred Sullivan from testifying at trial on account of King's failure to identify him as a witness in her Rule 26 disclosures, and I made this ruling clear on the first day of trial before jury selection. I did not hold my order in abeyance pending an offer of proof. Sullivan's appearance on the second day of trial was unnecessary; not because of a court order or any extrinsic circumstance, but because of King's decision to have him appear despite my order. I will not require defendant to pay witness fees for Sullivan's appearance.

Accordingly, I will disallow $45.80 in witness fees and costs for Octavian Sullivan.

Fees for Exemplification and Copies

King seeks $139.15 in costs for exemplification and copies necessarily obtained for use in the case. Defendant objects to $49.50 as costs for supplies, *i.e.*, manila folders, tabs, and a ring binder; as well as to $75.87 as printing costs for copies. Defendant avers that the nature of these copies is unknown, and thus that King has failed to show that they were necessarily obtained for use in the case. For the reasons stated by the defendant, I will disallow King's requested costs for supplies. I will allow the requested costs for copies, however, given King's counsel's declaration that the costs set out in the bill "were necessarily incurred in this action[.]" (ECF 88.) *Cf. Reece v. Bank of New York Mellon*, 760 F.3d 771,

779 (8th Cir. 2014) (affidavit verifying that costs were necessarily incurred in the case is required in order to tax costs).

## Post-Judgment Interest

King seeks post-judgment interest at a rate of 7.5% per annum as provided under Mo. Rev. Stat. § 408.040.   Interest on any money judgment in a civil case recovered in a district court, however, is calculated at the rate prescribed under 28 U.S.C. § 1961, that is, "at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment."   The rate prescribed under § 1961 applies to federal actions brought in diversity.   *See Mobil Exploration & Producing N. Am., Inc. v. Graham Royalty Ltd.*, 910 F.2d 504, 509 (8th Cir. 1990); *see also H&R Block Tax Servs. LLC v. Clayton*, No. 16-CV-00185, 2016 WL 9023018, at *4 (W.D. Mo. Dec. 12, 2016).   Accordingly, defendant shall pay post-judgment interest accruing on the amount of judgment ($231,500) from the date of the entry of judgment until paid in full at the rate prescribed under 28 U.S.C. § 1961.[1]   Because post-judgment interest is allowed as a matter of law, an amended judgment awarding post-judgment interest is unnecessary.

Accordingly,

**IT IS HEREBY ORDERED** that the requested fees and costs set out in

---

[1] United States District Court, Eastern District of Missouri, *Post Judgment Interest Rate,* https://www.moed.uscourts.gov/post-judgment-interest-rate.

plaintiff Linda King's bill of costs [88] shall be allowed in part and disallowed in part in accordance with the findings set out above.

**IT IS FURTHER ORDERED** that the Clerk of Court shall tax the following costs against defendant Southwest Foodservice Excellence, LLC, and in favor of plaintiff Linda King:

|  |  |
|---|---|
| Fees for Transcripts: | $1765.28 |
| Fees for Witnesses: | $ 91.60 |
| Fees for Copies: | $ 89.65 |
| **TOTAL:** | **$1946.53.** |

**IT IS FURTHER ORDERED** that plaintiff Linda King's Motion for Amended Judgment [78] and Substitute Motion for Amended Judgment [87] are denied.


_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE


Dated this 18th day of November, 2019.